Janet P. MASCOLL, Plaintiff–Appellant,

v.

N.Y.C. BOARD OF EDUCATION, DMIS, Defendants–Appellees,

Marvin Weinbaum, Joseph Eaione, Defendants.

No. 02–7837.

United States Court of Appeals, Second Circuit.

March 2, 2005.

Janet P. Mascoll, Hempstead, N.Y., for Appellant, pro se.

Francis F. Caputo, Deputy Chief, Appeals Division, City of New York Law Department, New York, NY, for Appellees.

Present: OAKES, KEARSE, and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **VACATED AND REMANDED.**

This appeal arises out of an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* against the New York City Board of Education ("BOE"), where plaintiff Janet Mascoll worked from September 1997 until her termination in June 1998. Mascoll, who is African–American, alleged that not long after beginning her job she learned that male employees in comparable positions and with comparable experience earned significantly more than she did. Mascoll repeatedly complained about this alleged discrepancy, but was rebuffed. She was dismissed after filing a complaint with the Equal Employment Opportunity Commission and then the instant complaint. The stated reason for her termination was that she had not submitted paperwork to process her as a permanent employee by the deadline of April 1, 1998, though Mascoll alleged that the deadline had been extended until April 6, 1998.

In a lengthy memorandum and order, the district court (Carol B. Amon, *Judge*) granted the BOE's motion for summary judgment with respect to several of Mascoll's claims, including her Title VII claims of a hostile work environment based on race, sex discrimination in the terms and conditions of employment, and constructive discharge, as well as her claim under the Equal Pay Act, various state-law claims, and claims against the individual defendants. The court denied the BOE's motion with respect to Mascoll's Title VII claim of discriminatory discharge on the basis of race and gender and her claim of retaliation, concluding that Mascoll had established a prima facie case of discrimination and that "evidence exist[ed] sufficient to raise a material issue of fact" that the BOE's proffered non-discriminatory rea-

son for Mascoll's termination was pretextual.

At a status conference in August 2001, the magistrate judge who was to preside over the trial concluded, over Mascoll's objection, that the district court had "dismissed your claims on discrimination on the basis of sex. What is left is your claim that the adverse action was in part due to discrimination against you on account of your race." Tr. Of Status Conf., August 3, 2001, at 10. The magistrate judge, again over Mascoll's objection, repeated this conclusion at a second status conference in December 2001. Tr. Of Status Conf., December 18, 2001, at 6.

The trial on the race discrimination and retaliation claims began on June 10, 2002. On June 11, during Mascoll's cross-examination, the magistrate judge confirmed, at a sidebar conference, that "the gender claims have been dismissed by Judge Amon, so that is not part of the trial." Trial Tr., June 11, 2002, at 120. The following day, however, the judge acknowledged that her "memory was not completely accurate" and that in fact, "the discriminatory discharge claim remains, and it is based on both race and gender." Trial Tr., June 12, 2002, at 2. Later in the proceedings, following Mascoll's apparent failure to present meaningful evidence of gender discrimination, the court offered her several opportunities to introduce such evidence, noting that "if you think I have

stopped you from presenting evidence on gender, I want to give you full opportunity to present that evidence." *Id.* at 123. Mascoll declined, noting that in preparing her case she "had to rearrange everything to take out a lot of the gender aspects," and asked to "preserve on the record [the objection] about the gender aspect." *Id.* at 123–24. The jury returned its verdict for the BOE on June 14, 2002.

On appeal, Mascoll contends that the magistrate judge's error prejudiced Mascoll's ability to prepare and present the gender discrimination portion of her case. Mascoll further contends that the magistrate judge erred by failing to disclose until after the verdict that Joseph Eaione, one of the individual defendants, had acknowledged privately to the court that his testimony concerning the April 1 deadline for Mascoll to submit her paperwork may have been false.

The BOE contends principally that the appeal should be dismissed because Mascoll failed to provide it or this Court with a complete copy of the trial transcript.[2] The BOE further contends that "[s]ince the trial was likely focused on the question of pretext, the impetus for [defendant] Weinbaum's alleged animus toward plaintiff, whether it was caused by her race or gender, or both, was of little moment and any gap in plaintiff's proof could easily have been satisfied."

---

2. The BOE did not file a brief in this case or appear at oral argument. This Court notified the New York Corporation Counsel by letter dated April 20, 2004 that the Court had not received a brief on the BOE's behalf, and by letter dated December 29, 2004 that oral argument had been scheduled for February 17, 2005. On February 16, 2005, the day before argument was to be heard, the Court received a letter from the Corporation Counsel stating that it had received no communications from Mascoll or the Court since November 2002 and therefore "considered this pro se appeal abandoned." Letter from Francis F. Caputo, Deputy Chief, Appeals Div., City of New York Law Dep't, to Clerk of Court dated Feb. 16, 2005, at 1. We are at a loss to understand why Corporation Counsel failed to receive any of several communications from this Court, or from Mascoll. Nonetheless, because we conclude that a more extensive transcript would not affect the outcome of this appeal, we reject Corporation Counsel's proposal that we dismiss the appeal without prejudice and reinstate it if and when a transcript is obtained.

■ As an initial matter, we reject out of hand the notion that, in a gender discrimination case, evidence of gender-based animus on the part of the defendant is "of little moment." *See Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 38 (2d Cir.1994) ("[R]ejection of the defendant's proffered reasons[ ] will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, and upon such rejection, no additional proof of discrimination is *required.*" (internal quotation marks, alterations and citation omitted, emphasis supplied)).

■ We further reject the BOE's contention that Mascoll's failure to order the trial minutes requires dismissal of this appeal. The appendix to Mascoll's brief includes several pages of trial transcript relevant to the magistrate judge's rulings on the gender discrimination claim. While it might very well have been useful for Mascoll to have provided more extensive excerpts, she was not obligated to do so. *See* Fed. R.App. P. 10(b)(1) (requiring appellant, in writing and within ten days after filing the notice of appeal, to "order from the reporter a transcript of such parts of the proceedings not already on file *as the appellant considers necessary,*" and to file a copy of the order with the district court, or to "file a certificate stating that no transcript will be ordered" (emphasis supplied)). In the event the appellant chooses to submit only a partial transcript, Fed. R.App. P. 10(b)(3) requires that within the same ten day period, the appellant "file a statement of the issues that the appellant intends to present on the appeal and ... serve on the appellee a copy of both the order or certificate and the statement." Fed R.App. P. 10(b)(3)(A). While there is no indication that Mascoll complied with this last requirement, there is also no indication that the BOE objected to this defi-

ciency prior to its belated letter to the Court on the eve of oral argument.

In any case, Rule 10 permits this court to "correct[ ]" the record in the event "anything material" thereto "is omitted ... by error or accident." Fed. R.App. P. 10(e)(2)(C). On the facts of this case, we conclude that nothing "material" to the record is absent. It is undisputed that the magistrate judge made repeated rulings in the ten months leading up to the trial that were explicitly at odds with the district court's summary judgment order, and did not correct that mistake until midway through the trial. At that point, it was far too late for Mascoll to conduct meaningful discovery or otherwise salvage the proper presentation of her gender discrimination claim.

Accordingly, we remand this matter to the district court. In addition, there being no evidence in the present record to support Mascoll's representation in her brief on appeal that the magistrate judge disclosed that Eaione acknowledged privately to the court during trial that some of his testimony may have been false, we leave it to the district court to explore that matter on remand. We also leave to that court, given its greater familiarity with the details of this case, the determination whether a new trial is required only on the gender discrimination claim or whether Mascoll's race and gender discrimination and retaliation claims are sufficiently intertwined that a new trial on all three claims would be advisable.

For the foregoing reasons, the judgment of the district court is hereby VACATED and this case is hereby REMANDED for further proceedings consistent with this order.